# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

QUENNA NEAL,             )
                                   )
          Appellant,       )
                                   )
                                   )
          v.                 )       C.A. No. N23A-07-005 JRJ
                                   )
UNEMPLOYMENT INSURANCE   )
APPEAL BOARD,          )
                                   )
          Appellee.       )

Date Submitted:  May 1, 2024
Date Decided:  June 11, 2024

## **ORDER**

This 11th day of June, upon appeal from the Unemployment Insurance Appeal Board ("Board"), the parties' briefs, and the record below, **IT APPEARS THAT:**

(1)    Appellant Quenna Neal ("Neal") appeals a decision of the Board.[1]  On March 22, 2020, Neal filed a claim for unemployment insurance benefits with the Department of Labor ("DOL").[2]  The Claims Deputy found Neal ineligible for benefits because she was receiving a monthly pension that exceeded what would have been her weekly unemployment compensation rate.[3]  The Claims Deputy

---

[1] Neal's Notice of Appeal, R. at 1; Trans. ID 70369868 (July 12, 2023).

[2] Notice of Determination, R. at 50.

[3] *Id.*  The Claims Deputy calculated Neal's weekly deduction by taking her monthly pension (percentage contributed by her base period employer) x 3 (months in a quarter) / 13 (weeks in a quarter). *Id.*

mailed the Notice of Determination ("NOD") to Neal on June 25, 2020.[4] Neal appealed the NOD on July 1, 2020.[5]

(2) The Appeals Referee held a hearing on July 23, 2020, and issued their decision ("Referee's Decision") the next day – July 24, 2020.[6] The Appeals Referee agreed with the Claims Deputy and ruled that Neal's monthly pension exceeded her weekly benefit amount and therefore Neal was ineligible for benefits.[7] The Referee's Decision stated that pursuant to 19 *Del. C.* § 3318, "the opinion of the Referee shall be deemed to be the final decision of the [DOL] unless within 10 days after the date of notification or mailing of such decision further appeal is initiated."[8] The Referee's Decision informed Neal that the last day to file an appeal was August 3, 2020.[9]

(3) Neal did not appeal the Referee's Decision until March 15, 2023.[10] On April 19, 2023, the Board held a Review Hearing and affirmed the Referee's Decision.[11] The Board held that the Referee's Decision became final on August 3,

---

[4] *Id.*
[5] Neal's NOD Appeal, R. at 47-48.
[6] Referee's Decision, R. at 40-42.
[7] *Id.*
[8] *Id.* (internal quotation marks omitted).
[9] *Id.*
[10] Appeal Request, R. at 9.
[11] Board's Decision, R. at 4-5.

2020 and Neal's March 15, 2023 appeal was untimely.[12]  According to the Board, "[Neal's] failure to meet the statutory deadline prohibits the Board from accepting her appeal."[13]  The Board further held that it found "no evidence of Departmental error that prevented [Neal] from filing a timely appeal of the Referee's Decision."[14]  Finding no error in the Referee's Decision or a failure of due process, the Board declined to exercise its discretion to accept Neal's appeal for further review.[15]

(4)  Neal timely appealed the Board's Decision to the Superior Court.[16]

(5)  When reviewing a decision on appeal from the Board, the Superior Court plays a limited role.  The Court's role on appeal is to determine whether the Board had substantial evidence to support its findings.[17]  Conclusions of law are reviewed *de novo*.[18]  The Court will review the Board's discretionary rulings on an abuse of discretion standard,[19] only disturbing its decisions where the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the

---

[12] *Id.* ("Pursuant to 19 *Del. C.* § 3318(c), the Referee's Decision 'shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 of this title.'") (alteration in original).

[13] *Id.*

[14] *Id.*

[15] *Id.*  The Board has discretion under § 3320 to accept an untimely appeal.  *See* 19 *Del. C.* § 3320.

[16] Neal's Notice of Appeal.

[17] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).

[18] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 931-32 (Del. 2007).

[19] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

circumstances and has ignored recognized rules of law or practice so as to produce injustice."[20]

(6)      Pursuant 19 *Del. C.* § 3318(c), a claimant has 15 days from the date of mailing to appeal a decision of an Appeals Referee.[21]  "The time for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive."[22]  Pursuant to 19 *Del. C.* § 3320(a), the Board has discretion to consider an appeal and may, "on its own motion, affirm, modify, or reverse any decision of an appeal tribunal."[23]  However, in the context of "untimely appeals, such discretion is exercised rarely and primarily *in cases of administrative error* that has the effect of depriving a claimant the opportunity to file a timely appeal."[24]

(7)      Neal has not provided any evidence that the DOL committed an administrative error or bears any responsibility for the untimely appeal of the Referee's Decision.  Instead, Neal attempts to relitigate the merits of her case and claims that because she lost her employment due to COVID-19 she is entitled to benefits.[25]

---

[20] *Ellicott v. Stericycle, Inc.*, 2005 WL 399212, at *1 (Del. Super. Jan. 27, 2015) (quoting *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Apr. 30, 2009)).
[21] 19 *Del. C.* § 3318(c).  On October 1, 2023, 19 *Del. C.* § 3318 changed the appeal window from 10 days to 15 days.  Neal appealed the Referee's Decision more than two years later.
[22] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003).
[23] 19 *Del. C.* § 3320(a).
[24] *Hefley v. Unemployment Ins. Appeal Bd.*, 988 A.2d 937 (Del. 2010) (TABLE) (citing *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991)) (emphasis added).
[25] *See* Neal's Opening Br., Trans. ID 70926932 (Sept. 22, 2023).

(8)    The Board declined to exercise its discretion to hear Neal's appeal on the merits because Neal failed to provide "any evidence of any *severe* circumstances sufficient to justify the exercise of the Board's discretion."[26]

(9)    The Court finds that the Board's decision to affirm the Referee's Decision is supported by substantial evidence and free from legal error.  Further, the Board did not abuse its discretion when it declined to accept the appeal for review.

**THEREFORE, IT IS HEREBY ORDERED** that the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:  Prothonotary

---

[26] Board Decision, R. at 5.